# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                Case No. 09-Cr-0025

FRANCIS H. NAHWAHQUAW,

    Defendant.

## MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE WILLIAM C. GRIESBACH

## NATURE OF CASE

On January 21, 2009, a federal grand jury sitting in this district returned a one-count indictment against defendant Francis H. Nahwahquaw. The defendant is charged with being a Native American Indian who knowingly caused another person, namely a female with the initials S.A.A., to engage in a sexual act by threatening and placing S.A.A. in fear, in violation of 18 U.S.C. §§ 1153(a) and 2242(1).

On January 23, 2009, the defendant appeared before United States Magistrate Judge James R. Sickel for arraignment and entered a plea of not guilty. Pursuant to the pretrial scheduling order issued at that time, the defendant has filed a motion to suppress his statement (Docket #12) and a motion to dismiss the indictment. (Docket #13). The motion to suppress his statement will be decided by United States District Judge William C. Griesbach. The motion to dismiss the indictment will be addressed herein.

## MOTION TO DISMISS INDICTMENT

The defendant seeks dismissal of the indictment against him pursuant to Fed. R. Crim. P. 12(b)(3) on the ground that section 1153(a) of the Indian Major Crimes Act (Act) is void for vagueness. Specifically, he asserts that the term "Indian" in the Act is undefined and unconstitutionally vague. The defendant states in his reply brief that he is not pursuing his vagueness on an "as applied" basis. However, he acknowledges that the Supreme Court has found that only when a statute touches First Amendment concerns is a facial review warranted, citing United States v. Williams, __ U.S. __, 128 S.Ct. 1830, 1845 (2008) and Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-95 (1982). Nonetheless, the defendant states that the Supreme Court has conducted a facial review of vagueness claims in a number of non-First Amendment cases, which thereby "suggests that courts are not precluded from conducting a facial review of a vagueness challenge." (Defendant's Reply in Support of Motion to Dismiss Indictment at 2).

In opposing the motion, the government asserts that, contrary to the defendant's contention, the term, "Indian" has been defined by case law and regulations for purposes of federal criminal law and is not unconstitutionally vague. The government also points out that the defendant's challenge does not implicate the First Amendment so it must be evaluated as applied.

## Analysis

"Unconstitutionally vague statutes pose two primary difficulties: (1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) they 'encourage arbitrary and discriminatory enforcement.'" United States v. Calimlim, 538 F.3d

- 2 -

706, 710 (7th Cir. 2008) (quoting United States v. Cherry, 938 F.2d 748, 753 [7th Cir. 1991] [other citation omitted]). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." United States v. Powell, 423 U.S. 87, 92 (1975) (quoting United States v. Mazurie, 419 U.S. 544, 550 [1975]); Chapman v. United States, 500 U.S. 453, 467 [1991]); see also, Williams, 128 S. Ct. at 1845. Thus, a challenge based on vagueness which is not premised on the First Amendment "is evaluated as-applied, rather than facially." Calimlim, 538 F.3d at 710 (citing Chapman, 500 U.S. at 467.

First Amendment freedoms are not implicated by the defendant's challenge to § 1153(a). The defendant argues, however, that the Supreme Court has conducted a facial review of vagueness claims in a number of non-First Amendment cases. The defendant has not provided an analysis of any of the cited cases and, more importantly, he does not indicate how this court can ignore the clear holding of the Court in cases such as Wiliams, Chapman, Powell and Mazurie.[1] Accordingly, based on Supreme Court precedent, the vagueness claim must be evaluated as the statute is applied to the facts of this case.

Even if the court were to conclude that the defendant can maintain a facial challenge to § 1153(a), which it does not, the term "Indian" is not unconstitutionally vague on its face. Although "Indian" is not defined in the statute, the test for determining "Indian" status has been judicially defined over the years and is well established under federal law. The test, first suggested in United States v. Rogers, 45 U.S. 567 (1846) and generally followed by the

---

[1] The defendant concedes that his claim, if viewed as an "as applied" challenge, cannot survive judicial scrutiny since he is an enrolled member of the Menominee Tribe with 7/16 Menominee blood and would be considered an "Indian" under United States v. Torres, 733 F.2d 449, 456 (7th Cir. 1984).

- 3 -

courts, considers: "(1) *the degree of Indian blood*; and (2) *tribal or governmental recognition as an Indian.*" United States v. Torres, 733 F.2d 449, 456 (7th Cir. 1984) (quoting United States v. Broncheau, 597 F.2d 1260, 1263 [9th Cir. 1979]) (emphasis supplied by Torres); see also, United States v. Keys, 103 F.3d 758, 760 (9th Cir.1996); United States v. Dodge, 538 F.2d 770, 786 (8th Cir. 1976). Tribal enrollment is "the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative." United States v. Bruce, 394 F.3d 1215, 1224 (9th Cir. 2005) (quoting Broncheau, 597 F.2d at 1263); accord, United States v. Antelope, 430 U.S. 641, 646 n.7 (1977).

The Secretary of the Interior is mandated under 25 U.S.C. § 479a-1 to publish a list of "Indian tribes' in the Federal Register "which the Secretary recognizes as eligible for the special programs and services provided by the United States to Indians because of their status as Indians." Rule 6(i) of the Federal Rules of Criminal Procedure makes this statute applicable to federal criminal law. Rule 6(i) states: "'Indian tribe' means an Indian tribe recognized by the Secretary of the Interior on a list published in the Federal Register under 25 U.S.C. § 479a-1."

The Menominee Indian Tribe of Wisconsin is included in the list of tribes recognized by the Secretary of the Interior. See 73 FR 18553-01, 2008 WL 892616 (April 4, 2008). The Menominee Indian Tribe received federal statutory recognition as part of the Menominee Restoration Act. See 25 U.S.C. §§ 903a and 903b. Thus, the court concludes that the term "Indian" as judicially developed from 1845 to the present "has a meaning sufficiently precise for a man of average intelligence to 'reasonably understand that his contemplated conduct is proscribed.'" Broncheau, 597 F.2d at 1263 (quoting Mazurie, 419 U.S. at 553).

Moreover, Rule 7(c) of the Federal Rules of Criminal Procedure only requires that an indictment be a "plain, concise, and definite written statement of the essential facts constituting

the offense charged." A defendant's Indian status is an essential element of an offense under § 1153 which the government must allege in the indictment and which it must prove beyond a reasonable doubt. <u>Bruce</u>, 394 F.3d at 1229. The indictment must state all of the elements of the offense charged, be sufficiently specific to inform the defendant of the charge and enable him to plead double jeopardy in any future prosecution for the same offense. <u>United States v. Glecier</u>, 923 F.2d 496, 499 (7th Cir. 1991).

Here, the indictment alleges that the defendant is a Native American Indian and that he engaged in conduct prohibited by the 18 U.S.C. § 1153(a) and § 2242(1). The indictment alleges the elements of a § 1123(a) offense. Based on the foregoing, the court concludes that the defendant has not established a basis to dismiss the indictment.

In sum, the test to determine "Indian" status is well defined under federal law. Since the indictment sufficiently alleges the elements of an offense under § 1123(a), including that the defendant is a Native American Indian, his challenge to the constitutionality of the §1153(a) fails. Accordingly, this court will recommend that the defendant's motion to dismiss the indictment be denied.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Nahwahquaw's motion to dismiss indictment. (Docket #13).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any

objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this ____ day of March, 2009.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge